**In re LAURINBURG OIL COMPANY, INC. I.D. # 56–0294450 Post Office Box 218 Maxton, N.C. 28364, Debtor.**

**Bankruptcy No. B–84–00011.**

United States Bankruptcy Court, M.D. North Carolina, Durham Division.

Sept. 14, 1984.

Thomas B. Henson and Henry H. Ralston, Charlotte, N.C., for debtor in possession.

Thomas F. Moffitt, Asst. Atty. Gen., State of N.C. Dept. of Justice, Raleigh, N.C., for State of N.C.

### RULING BY THE COURT

RUFUS W. REYNOLDS, Bankruptcy Judge.

This matter came on to be heard and was heard by the undersigned Bankruptcy Judge on the State of North Carolina's motion for a ruling by the court that the automatic stay provisions of 11 U.S.C. § 362(a)(1) and (2) do not operate to stay the State from commencing a civil injunctive suit authorized by State law in order to abate violations of State environmental pollution laws at the Scotland County waste disposal facility of Maxton Oil and Fertilizer Company, a division of Laurinburg Oil Company, Inc. The State also requested a ruling that reasonable and necessary expenses to abate violations of State environmental pollution laws at the Scotland County waste disposal facility be classified as administrative expenses necessary to preserve the debtor's estate, pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(1).

The State of North Carolina was represented by Assistant Attorney General Thomas F. Moffitt and Prentis Anne Allen of the Solid and Hazardous Waste Branch of the North Carolina Department of Human Resources, both of Raleigh, North Carolina. Laurinburg Oil Company, Inc. and its subdivision, Maxton Oil Company, were represented by Henry H. Ralston of the law firm of Fleming, Robinson, Bradshaw & Henson, of Charlotte, North Carolina.

After considering the State's verified motion, a memorandum of law supporting the motion, and the oral arguments of counsel, this court finds that:

(1) The State of North Carolina has presented evidence by verified motion that Laurinburg Oil Company, Inc.'s, by and through its subdivision, Maxton Oil and Fertilizer Company, maintains and operates a waste disposal facility in Scotland County near Wagram, North Carolina. At this facility, Maxton Oil Company maintains and operates a wastewater lagoon with a capacity to hold approximately 1.6 million gallons of a low pH (acidic) wastewater. Recent inspections (July and August of 1984) by State personnel indicated that the wastewater lagoon was filled beyond its design capacity and is leaking due to structural defects in the dike which impounds the wastewater.

(2) The State of North Carolina informed the court that it believes that the wastewater lagoon, as it currently exists, constitutes a threat to the environment and to the public health, safety, and welfare because the extremely low pH of the wastewater (less than 2.0 pH) makes it a hazardous waste under State and Federal pollution laws and because seepage through the wastewater lagoon dike indicates that the dike in structurally unstable resulting in leakage of the waste into the groundwater of the State. Failure of the dike can result in release of the wastewater and contamination of surface water of the State. The State further informed the court that it believes that the wastewater lagoon is being operated in violation of State water pollution laws and is a public nuisance.

**654**

[*See*, Article 21 of Chapter 143 of the General Statutes of North Carolina.]

(3) The State of North Carolina informed the court that it intends to commence a civil action against Laurinburg Oil Company, Inc. and its subdivision, Maxton Oil Company, for injunctive relief in the Superior Court of Scotland County to compel Laurinburg Oil Company, Inc. and Maxton Oil Company to abate violations of State water pollution laws at the Scotland County waste disposal facility and to abate the public nuisance currently existing at the site.

(4) The action by the State will seek to compel Laurinburg Oil Company, Inc. and Maxton Oil Company to restore its Scotland County waste disposal facility to a condition in which it will no longer violate State environmental pollution laws and will no longer constitute a public nuisance. This will prevent further deterioration of the value of the property and will enhance its economic worth in the future. The State will not seek a money judgment.

These findings lead the court to conclude that:

(1) The provisions of 28 U.S.C. § 959(b) require a debtor in possession to manage and operate the property according to the valid laws of the state in which the property is situated. This provision is applicable to the matter before the court.

(2) The provisions of 11 U.S.C. § 362(b)(4) provide that the automatic stay provisions of 11 U.S.C. § 362(a)(1) do not stay the commencement of an action by a governmental unit to enforce the governmental unit's police or regulatory power. This provision is applicable to the matter before the court.

(3) The provisions of 11 U.S.C. § 362(b)(5) provide that a governmental unit is not stayed by 11 U.S.C. § 362(a)(2) from enforcing a judgment, other than a money judgment, obtained in an action by a governmental unit to enforce the governmental unit's police or regulatory power. This provision is applicable to the matter before the court.

(4) The State's proposed civil action is within the police or regulatory powers of the State to enforce its environmental pollution laws. [*See*, N.C.G.S. § 143–211; N.C.G.S. § 143B–276(1); N.C.G.S. § 143–215.6(c), and, generally, Article 21 of Chapter 143 of the General Statutes of North Carolina, N.C.G.S. §§ 143–215.1 *et seq.*]

(5) The State's proposed action seeks traditional injunctive relief, not the payment of a money judgment. [N.C.G.S. § 143–215.6(c)].

Based on the foregoing findings of fact and conclusions of law and mixed findings of fact and conclusions of law howsoever designated herein, this court rules that:

■ (1) Pursuant to 11 U.S.C. §§ 362(b)(4) and (5), the automatic stay provisions of 11 U.S.C. § 362(a)(1) and (2) will not operate to stay the State from commencing a civil injunctive action and enforcing a judgment obtained therein against Laurinburg Oil Company, Inc. and Maxton Oil and Fertilizer Company in State court to abate violations of the State water pollution laws at Maxton Oil and Fertilizer Company's disposal site in Scotland County, North Carolina. [*See, Penn Terra, Ltd. v. Department of Environmental Resources of the Commonwealth of Pennsylvania,* 733 F.2d 267 (3rd Cir.1984).]

■ (2) The reasonable and necessary expenses incurred by Laurinburg Oil Company, Inc. and its subdivision, Maxton Oil and Fertilizer Company, in order to abate violations of the State water pollution laws at Maxton Oil and Fertilizer Company's disposal site in Scotland County should be considered administrative expenses necessary to preserve the debtor's estate, pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(1).